UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__4/15/2024__
```

----------------------------------------------------------------------X
                                 :

JOSEPH MATTERA,                   :

               Plaintiff,     :

      -v-             :        24-cv-1970 (LJL)

                      :        __ORDER__

LIN XIAN E,                  :

              Defendant.    :

----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff brings this action pro se.  By order dated April 11, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed in forma pauperis ("IFP").  Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on court officers for assistance in effecting service.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases.").  However, the address Plaintiff provided for Defendant in the complaint—"fujiansheng, wuyishanshi, wuyishanshixueyuanlu1, haoshunxinguangchangerqi1, zhuang402shi," Dkt. No. 1 at 4—does not appear to be a viable address.

      Federal Rule of Civil Procedure 4(m) requires a complaint to be served within 90 days after the complaint is filed unless service is made in a foreign country under the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(m).  Federal Rule of Civil Procedure 4(f) sets forth the means for serving an individual in a foreign country and Federal Rule of Civil Procedure 4(h)(2) sets forth the means of serving a corporation outside the United States.  Importantly, serving a defendant abroad may require compliance with the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638.  "Under the Hague Convention, service through a country's Central Authority is the primary method of service."  *Esposito v. TipRanks, Ltd.*, 2024 WL 68528, at *3 (S.D.N.Y. Jan. 4, 2024) (quoting *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 342 (E.D.N.Y. 2021)).

      Under certain circumstances, under the Federal Rules of Civil Procedure and Hague Convention, a foreign defendant whose physical address cannot be learned can be served by other means reasonably calculated to reach the defendant, including by email.  Specifically, if a plaintiff "exercise[s] reasonable diligence to discover a physical mailing address" for a defendant but is nevertheless unable to find a physical address, then a Court may allow service to be accomplished by email reasonably calculated to reach the defendant.  *Cawthon v. Zhousunyijie*, 2024 WL 1156073, at *4 (S.D.N.Y. Mar. 18, 2024).

The Court therefore directs Plaintiff to file a letter within 60 days that either: (a) provides a viable mailing address for the Defendant; or (b) explains the steps Plaintiff took in exercising reasonable diligence to discover Defendant's mailing address and seeks an order directing that service be made through alternative means.  To the extent it is applicable, the ninety-day deadline to serve the Defendant under Federal Rule of Civil Procedure 4(m) shall run from the date Plaintiff files that letter with the Court.  If Plaintiff does not file that letter within 60 days or request an extension of time to do so, the Court may dismiss the claim against Defendant for failure to prosecute.

SO ORDERED.

Dated: April 15, 2024
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge