```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JOSEPH MATTERA,                                                  :
                                                                 :
                        Plaintiff,                               :
                                                                 :       24-cv-1970 (LJL)
        -v-                                                      :
                                                                 :       MEMORANDUM AND
LIN XIAN E.,                                                     :            ORDER
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff brings this action pro se. By order dated April 11, 2024, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed in forma pauperis ("IFP"). Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on court officers for assistance in effecting service. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."). However, Plaintiff's complaint did not provide a viable address for the Defendant. See Dkt. No. 6. The Court issued an order on April 15, 2024, directing Plaintiff to file a letter within 60 days either providing a viable mailing address for the Defendant or explaining the steps Plaintiff took in exercising reasonable diligence to discover Defendant's mailing address. Id. The order warned that failure to file such a letter or request an extension may result in dismissal for failure to prosecute. Id. Plaintiff did not file a letter or communicate with the Court in any way. The Court issued an order on July 15, 2024, directing Plaintiff again to file the letter or request an extension. Dkt. No. 7. The Court stated that "[i]f Plaintiff fails to do so by August 15, 2024, the Court will dismiss the case for failure to prosecute." Id. As of October 2, 2024, Plaintiff has not filed a letter or communicated with the Court in any way.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *see Long v. Lian*, 2024 WL 4212190, at *2 (2d Cir. Sept. 17, 2024).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not made service on Defendant within 90 days, as is required by Federal Rule of Civil Procedure 4(m). Plaintiff has had approximately six months to communicate with the Court regarding the lack of an address at which to serve Defendant, and has not done so. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of

several months" have been found sufficient, *id*. (collecting cases).  Plaintiff was given notice in the Court's order of April 15, 2024, that failure to provide an address for service or communicate the Court regarding efforts to find such address within 60 days could result in dismissal.  Dkt. No. 6.  After Plaintiff missed that deadline, he was informed in the order of July 15, 2024 that failure to file a letter by August 15, 2024, "will" result in dismissal.  Dkt. No. 7.  Although there is no specific evidence on the record that delay will prejudice Defendant—indeed, there is no record beyond the Complaint and the Court's orders—"[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits." *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).  Given that Plaintiff has not communicated with the Court in any way since the complaint was filed, despite the threat of dismissal, there is no basis to believe that lesser sanctions would be effective.

For the foregoing reasons, the case is dismissed for failure to prosecute.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 2, 2024
       New York, New York                                    _____
                                                             LEWIS J. LIMAN
                                                             United States District Judge

3